Citation Nr: 1749191 
Decision Date: 10/31/17 Archive Date: 11/06/17

DOCKET NO. 13-02 216 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Portland, Oregon


THE ISSUE

Entitlement to service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD), depressive disorder, and anxiety.


REPRESENTATION

Veteran represented by: The American Legion


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

Douglas M. Humphrey, Associate Counsel

INTRODUCTION

The Veteran was on active service from May 1964 to May 1968 and from September 1972 to October 1978.

This appeal comes before the Board of Veterans' Appeals (Board) on appeal from a September 2010 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Seattle, Washington. The Veteran testified before the undersigned Veterans Law Judge at a May 2017 Travel Board hearing. A transcript of that hearing is of record.

The scope of a mental health disability includes any disability that may reasonably be encompassed by a veteran's description of the claim, reported symptoms, and the other information of record. Clemons v. Shinseki, 23 Vet. App. 1 (2009). The record includes diagnoses of depression and anxiety in addition to PTSD. Accordingly, the Board has recharacterized the Veteran's claim for service connection for PTSD to encompass any acquired psychiatric disorder.

The appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.


REMAND

In June 1967, the Veteran underwent a psychological evaluation wherein he was diagnosed with a "personality disorder." See Service Treatment Records, dated June 1967. He states, through his representative, that a "personality disorder" diagnosis was "a catch all for any[] mental health issue" in 1967, and that the Veteran's symptomology in 1967 was consistent with anxiety and depression. See May 2017 Travel Board Hearing transcript, at 3. He adds that his 1977 divorce, which occurred during his active service, was also a stressor event that contributed to his current psychiatric problems. 

Because the Veteran has indicated an association between his current acquired psychiatric disorders and his divorce, and his service treatment records include a possible diagnosis for an acquired psychiatric disorder, the Board finds a VA examination is warranted to determine the etiology of any current acquired psychiatric disorder. See 38 U.S.C.A. § 5103A(d)(2) (West 2014); McLendon v. Nicholson, 20 Vet. App. 79, 81 (2006).

Accordingly, the case is REMANDED for the following action:

1. Schedule a VA examination with an appropriate medical professional to determine the nature and etiology of any acquired psychiatric disorder, to include PTSD, depressive disorder, and anxiety. Provide the examiner with information and directions consistent with current applicable regulations. Provide the Veteran's claims folder and this remand to the examiner, and the examiner must indicate review of these items in the examination report. The examiner should address the following:

a. Identify/ diagnose any acquired psychiatric disorder that presently exists or has existed during the appeal period. If a diagnosis of PTSD is made, the stressor event(s) should be identified. If a diagnosis of PTSD is not made, the examiner should reconcile his/her opinion with the treatment records, which include a PTSD diagnosis. 

b. For each diagnosed psychiatric disorder, to include PTSD, state whether it is at least as likely as not (i.e., a 50 percent or greater probability) that the disorder(s) was (were) incurred in or caused during the Veteran's active service or as a result of an incident or stressor during the Veteran's active service. The examiner's opinion must address the Veteran's testimony regarding his 1977 divorce and state whether it is at least as likely as not that the Veteran's divorce caused any current acquired psychiatric disorder. 

c. The examiner should also address the clinical significance of the diagnosis of personality disorder that was made in the June 1967 psychological evaluation. In so doing, the examiner should comment on whether there was superimposed acquired psychiatric pathology demonstrated during any period of service that resulted in additional disability apart from the Veteran's personality disorder. It should also be noted whether the in-service symptoms in 1967 could be taken as the early onset of an acquired psychiatric disorder later determined to have existed.

A complete rationale for any opinion must be provided. An examiner's report that he or she cannot provide an opinion without resort to speculation is inadequate unless the examiner provides a rational for the statement. If the examiner is unable to offer an opinion, the examiner must provide a rationale for the conclusion that an opinion could not be provided without resort to speculation, together with a statement as to whether there is additional evidence that could enable an opinion to be provided or whether the inability to provide the opinion is based on limits of medical knowledge.

2. After completing the above actions, re-adjudicate the Veteran's claim of entitlement to service connection for an acquired psychiatric disorder, to include PTSD, depressive disorder, and anxiety. If the claim remains denied, a supplemental statement of the case should be provided to the Veteran. After the Veteran has had an adequate opportunity to respond, the case should be returned to the Board for further appellate review.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
MICHAEL A. HERMAN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).